O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BROWN,<br><br>        Petitioner,<br><br>    v.<br><br>THERESA CISNEROS, Acting Warden,<br><br>        Respondent. | Case No. 2:21-CV-05325 SVW (KES)<br><br>ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

On June 29, 2021, Daniel Brown ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Pet."].[1]) The Petition is the second habeas corpus petition that Petitioner has filed in this Court stemming from his 2012 state court conviction and sentence in Los Angeles County Superior Court case no. VA117914.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the

---

[1] Citations refer to pagination imposed by the Court's e-filing system.

reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.
# BACKGROUND

**A.    State Court Proceedings.**

In 2012, Petitioner was sentenced to prison for a term of 45 years to life after a jury convicted him of two counts of robbery, with a firearm enhancement, and one count of evading an officer while driving against traffic. People v. Brown, No. B240022, 2012 WL 5207611, at *1, 2012 Cal. App. Unpub. LEXIS 7696, at *1 (Cal. Ct. App. Oct. 23, 2012). In a separate trial, he was found to have suffered two prior serious felony convictions within the meaning of California's Three Strikes law. Id. Petitioner appealed his conviction (case no. B240022). Id. He (1) challenged the sufficiency of the evidence to support the trial court's true finding as to his alleged prior convictions; (2) asserted the trial court abused its discretion by denying his Romero motion; and (3) argued the court was required to stay his sentence for the Vehicle Code violation. Id., 2012 Cal. App. Unpub. LEXIS 7696, at *1–2. On October 23, 2012, the California Court of Appeal agreed that Petitioner's sentence for evading must be stayed but in all other respects affirmed the judgment. See Brown v. Montgomery, No. 2:14-cv-00069 (C.D. Cal. filed Jan. 3, 2014) (Brown I) (Dkt. 38 at 3).[2] Petitioner filed a petition for review in

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the docket sheets and related documents in Brown I. See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

2

the California Supreme Court (case no. S206829).  Id.  On January 3, 2013, the California Supreme Court summarily denied discretionary review.  Id.

In December 2013, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which denied the petition on January 15, 2014.  Id.  In February 2014, Petitioner filed a habeas petition in the California Court of Appeal (case no. B254264), which summarily denied the petition on February 21, 2014.  Id.  In March 2014, Petitioner filed a habeas petition in the California Supreme Court (case no. S217019), which summarily denied the petition on May 14, 2014.  Id.

In May 2017, Petitioner filed another habeas petition in the California Court of Appeal, which summarily denied the petition on June 8, 2017.  See California Appellate Courts Case Information, case no. B282743.[3]  In August 2017, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on October 18, 2017.  See California Appellate Courts Case Information, case no. S243635.

In May 2018, Petitioner filed another habeas petition in the California Court of Appeal, which summarily denied the petition on May 31, 2018.  See California Appellate Courts Case Information, case no. B290249.  In June 2018, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on October 17, 2018.  See California Appellate Courts Case Information, case no. S249580.

In January 2020, Petitioner filed another habeas petition in the California Court of Appeal, which summarily denied the petition on March 5, 2020.  See California Appellate Courts Case Information, case no. B303526.  On August 5, 2020, the Los Angeles Superior Court summarily denied Petitioner's habeas petition.  (Pet. at 11, 15.)  In August 2020, Petitioner filed a habeas petition in the

---

[3] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm>.

California Court of Appeal, which summarily denied the petition on November 5, 2020. See California Appellate Courts Case Information, case no. B3077099. In February 2021, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on April 21, 2021. See California Appellate Courts Case Information, case no. S267291.

**B.** **Prior Federal Habeas Petitions.**

On January 3, 2014, Petitioner filed his first habeas petition in federal court. Brown I (Dkt. 1). On March 12, 2014, the Court granted Petitioner's request for stay and abeyance to allow him to present his unexhausted claims in a habeas petition to the California Supreme Court. Brown I (Dkt. 11). After Petitioner exhausted his claims the stay was lifted, and Petitioner filed a First Amended Petition. Brown I (Dkt. 17, 20). On November 25, 2015, the Court denied the First Amended Petition and dismissed the action with prejudice. Brown I (Dkt. 38, 41, 42). On September 23, 2016, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. Brown I (Dkt. 48); see Brown v. Montgomery, No. 16-55099, 2016 WL 9506030, 2016 U.S. App. LEXIS 24167 (9th Cir. Sept. 23, 2016).

On June 29, 2021, Petitioner filed the instant Petition.

## II.

## DISCUSSION

The instant Petition raises a single claim for relief: the Los Angeles Superior Court, in case no. VA117914, exceeded its jurisdiction by imposing a longer term than mandated by law in violation of Petitioner's right to due process. (Pet. at 5, 9.) Specifically, Petitioner argues that the trial court erroneously used his 1987 "non-serious/non-violent" prior felony conviction as a strike to enhance his 2012 sentence under California Penal Code § 667.5. (Id. at 10, 13–14.) This claim is similar to the issues he raised on direct appeal and in his prior federal habeas petition. See Brown I (Dkt. 20 at 3) (In Petitioner's direct appeal, he argued there

was insufficient evidence that either prior conviction was a "serious felony."); (Dkt. 38 at 16–17) (In his federal habeas petition, Petitioner asserted that "his prior convictions did not qualify as serious felonies within the meaning of California's Three Strikes Law.").

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244(b) (emphasis added).

The Petition now pending constitutes a second and successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claim prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 8, 2021

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE